J-A01024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HERMES HUGO AVILA ORELLANA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA MAGDALENA CHUVA CHUVA | : | No. 1520 EDA 2024 |

Appeal from the Order Entered May 10, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2024-001155

BEFORE: DUBOW, J., KING, J., and SULLIVAN, J.

JUDGMENT ORDER BY KING, J.: **FILED DECEMBER 13, 2024**

Appellant, Hermes Hugo Avila Orellana, appeals from the order entered in the Delaware County Court of Common Pleas, which denied Appellant's request for certain Special Immigrant Juvenile Status ("SIJS") findings.[1] We vacate and remand for further proceedings.

The trial court set forth the relevant facts and procedural history of this

---

[1] **See** 8 U.S.C.S. § 1101(a)(27)(J) (defining SIJS as applicable to child immigrant who is present in United States and (i) who has been declared dependent by juvenile court located in United States or whom such court has legally committed to, or placed under custody of, agency or department of State, or individual or entity appointed by State or juvenile court located in United States, and whose reunification with one or both of immigrant's parents is not viable due to abuse, neglect, abandonment, or similar basis found under State law; (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in immigrant's best interest to be returned to his/her or parent's previous country of nationality or country of last habitual residence; and (iii) in whose case Secretary of Homeland Security consents to grant of SIJS). **See also** 8 C.F.R. § 204.11 (providing federal regulation governing special immigrant juvenile classification).

case as follows:

> [Appellant, who is the stepfather to the children at issue,] and Defendant Maria Magdalena Chuva Chuva ("Mother") sought special relief pursuant to 23 Pa.C.S. § 5321 *et seq.*, to include an order in custody of A.T.M.C. (d.o.b. [March 2006]) and T.J.M.C. (d.o.b. [April 2007]). An Order was entered on March 5, 2024 approving the parties' agreement in custody. The court notes that A.T.M.C. was 18 years of age at the time of the hearing. Furthermore, [Appellant] & Mother also [sought] specific findings that would permit A.T.M.C. and T.J.M.C. to seek [SIJS] and the benefits attendant thereto. … After a hearing, held on April 15, 2024, the court denie[d] [Appellant] and Mother's Petition for Special Relief and request for specific findings of fact. …

(Findings of Fact and Conclusions of Law, filed 5/10/24, at 1). Appellant timely filed a notice of appeal and Pa.R.A.P. 1925(a)(2)(i) statement.

Preliminarily, Appellant has filed an application for remand based on our Supreme Court's recent decision in **Velasquez v. Miranda**, ___ Pa. ___, 321 A.3d 876 (2024).[2] In **Velasquez**, our Supreme "granted discretionary review to address a matter of first impression for [the] Court, involving the correct procedure and standards when our courts are asked to make certain requisite findings to support a [SIJS] classification for minors seeking that status before federal immigration authorities." **Id.** at ___, 321 A.3d at 882. The Supreme Court further clarified "the role of Pennsylvania courts in deciding whether these predicate judicial determinations may be made in the context of a child

_____

[2] On September 23, 2024, this Court entered a *per curiam* order deferring a decision on the application to the merits panel assigned to this case.

custody proceeding." *Id.* In doing so, our High Court held, *inter alia*, that a custody court qualifies as a "juvenile court" for purposes of making SIJS findings. *Id.* at ___, 321 A.3d at 894 (stating "juvenile court" is "court located in the United States that has jurisdiction under State law to make judicial determinations about the dependency and/or custody and care of juveniles") (citing 8 C.F.R. § 204.11(a)). The Court further held that "a child with…an order from a Pennsylvania custody court [awarding custody to a parent] may qualify for SIJS as long as that court also makes the requisite predicate judicial determinations." *Id.* at ___, 321 A.3d at 898 (emphasis omitted) (reversing Superior Court's decision interpreting SIJS provisions as precluding child's parent who is awarded custody of child in custody proceeding to be someone "appointed by" state or juvenile court).

Instantly, the trial court made factual findings to support its denial of SIJS. (*See* Findings of Fact and Conclusions of Law at 4-7). Notwithstanding these findings, the court stated in its Rule 1925(a) opinion that A.T.M.C. and T.J.M.C. were not eligible for SIJS in any event because they had not been legally committed to the custody of a state agency or an individual or entity appointed by the state or juvenile court. The court stated: "Significantly, A.T.M.C. and T.J.M.C. have not been adjudicated dependent or placed in the legal custody of a state agency. Rather[,] A.T.M.C. and T.J.M.C. reside with Appellant and [Mother], their parents, and have always been in the care and custody of their parents." (Rule 1925(a) Opinion, filed 7/29/24, at 12)

(internal citations omitted). In so stating, the trial court relied on this Court's earlier decision in **Velasquez**, which was reversed by the Supreme Court during the pendency of this appeal. The court also concluded "that it did not sit as a juvenile court, as defined by federal law" (**see** Rule 1925(a) Opinion at 11), which is contrary to the Supreme Court's holding in **Velasquez**. **See Velasquez, supra**. Although the court made factual findings which might serve as a basis for the denial of SIJS on their own, in light of the court's reliance on caselaw that has now been reversed, and in an abundance of caution, we grant Appellant's application for relief so that the trial court may reconsider its ruling with the benefit of our Supreme Court's decision in **Velasquez**. Thus, we vacate and remand for further proceedings.

Case remanded for further proceedings. Case is stricken from argument list. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2024

- 4 -